**Gonder v A.O. Smith Water Prods. Co.**

2024 NY Slip Op 30491(U)

February 14, 2024

Supreme Court, New York County

Docket Number: Index No. 190322/2019

Judge: Adam Silvera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ADAM SILVERA**

*Justice*

-----------------------------------------------------------------X

BRYAN J GONDER,

Plaintiff,

- v -

A.O. SMITH WATER PRODUCTS CO, ADIENCE, INC.,F/K/A BMI, INC, AIR & LIQUID SYSTEMS CORPORATION, AS SUCCESSOR-BY-MERGER TO BUFFALO PUMPS, INC, AMCHEM PRODUCTS, INC., N/K/A RHONE POULENC AG COMPANY, N/K/A BAYER CROPSCIENCE INC, AMERICAN BILTRITE INC, ARMSTRONG INTERNATIONAL, INC, ATWOOD & MORRILL COMPANY, AURORA PUMP COMPANY, BMCE INC., F/K/A UNITED CENTRIFUGAL PUMP, BORDEN CHEMICAL, INC. P/K/A BORDEN, INC. P/K/A THE BORDEN COMPANY, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SMITH-DOUGLASS CO., INC, BORGWARNER MORSE TEC LLC,BURNHAM, LLC, INDIVIDUALLY, AND AS SUCCESSOR TO BURNHAM CORPORATION, BW/IP, INC. AND ITS WHOLLY OWNED SUBSIDIARIES, CARRIER CORPORATION, CATERPILLAR, INC, CBS CORPORATION, F/K/A VIACOM INC., SUCCESSOR BY MERGER TO CBS CORPORATION, F/K/A WESTINGHOUSE ELECTRIC CORPORATION, CERTAINTEED CORPORATION, CLARK-RELIANCE CORPORATION, CLEAVER BROOKS COMPANY, INC, COURTER & COMPANY INCORPORATED, CRANE CO, CROSBY VALVE LLC,CUMMINS, INC, DOMCO PRODUCTS TEXAS, INC, EATON CORPORATION, INDIVIDUALLY AND AS SUCCESSOR -IN-INTEREST TO CUTLER-HAMMER, INC, ECOLAIRE INCORPORATED, ECR INTERNATIONAL, CORP., F/K/A DUNKIRK BOILERS AND UTICA BOILER COMPANY, ELECTROLUX HOME PRODUCTS, INC. INDIVIDUALLY, AND AS SUCCESSOR TO TAPPAN AND COPES-VULCAN, ELLIOTT COMPANY, EMPIRE-ACE INSULATION MFG. CORP, FEDERAL PUMP CORPORATION, FLOWSERVE US, INC. INDIVIDUALLY AND SUCCESSOR TO ROCKWELL MANUFACTURING COMPANY, EDWARD VALVE, INC.,NORDSTROM VALVES, INC., EDWARD VOGT VALVE COMPANY, AND VOGT VALVE COMPANY, FMC CORPORATION, ON BEHALF OF ITS FORMER CHICAGO PUMP & NORTHERN PUMP BUSINESSES, FOSTER WHEELER, L.L.C, FULTON BOILER WORKS, INC, GARDNER DENVER, INC, GENERAL ELECTRIC

| | |
|---|---|
| PART | **13** |
| INDEX NO. | 190322/2019 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 008 |

**DECISION + ORDER ON MOTION**

190322/2019 GONDER, JOHN H vs. A.O. SMITH WATER PRODUCTS CO
Motion No. 008

Page 1 of 6

COMPANY, GOODYEAR CANADA, INC, GOULD
ELECTRONICS INC, GOULDS PUMPS LLC,GRINNELL
LLC,HONEYWELL INTERNATIONAL, INC.,    F/K/A ALLIED
SIGNAL, INC. / BENDIX, IMO INDUSTRIES, INC,
INTERNATIONAL PAPER COMPANY,    INDIVIDUALLY
AND AS SUCCESSOR TO CHAMPION
INTERNATIONAL CORPORATION, AS SUCCESSOR
TO UNITED STATES PLYWOOD CORPORATION, ITT
LLC.,    INDIVIDUALLY AND AS SUCCESSOR TO BELL &
GOSSETT    AND AS SUCCESSOR TO KENNEDY VALVE
MANUFACTURING CO., INC, J.H. FRANCE
REFRACTORIES COMPANY, JENKINS BROS, KARNAK
CORPORATION, KEELER-DORR-OLIVER BOILER
COMPANY, KOHLER CO, MADSEN & HOWELL, INC,
MARIO & DIBONO PLASTERING CO., INC, MILTON ROY
COMPANY, MORSE DIESEL, INC, NAVISTAR, INC.,A/K/A
INTERNATIONAL    TRUCK & ENGINE CORP. F/K/A
INTERNATIONAL    HARVESTER, INC, NIBCO INC,
O'CONNOR CONSTRUCTORS, INC.,    F/K/A THOMAS
O'CONNOR & CONNOR & CO., INC, PEERLESS
INDUSTRIES, INC, PEERLESS PUMP COMPANY, INC,
PFIZER, INC. (PFIZER), RELIANCE ELECTRIC
COMPANY, RHEEM MANUFACTURING COMPANY,
RILEY POWER INC, ROBERTSHAW CONTROLS
COMPANY, INDIVIDUALLY AND AS    SUCCESSOR TO
FULTON SYLPHON COMPANY, ROCKWELL
AUTOMATION, INC.,AS SUCCESSOR IN INTEREST
TO ALLEN- BRADLEY COMPANY, LLC,SCHNEIDER
ELECTRIC USA, INC. FORMERLY KNOWN AS
SQUARE D COMPANY, SEQUOIA VENTURES, INC.,
F/K/A BECHTEL CORPORATION, SPIRAX SARCO, INC.
INDIVIDUALLY AND AS SUCCESSOR TO SARCO
COMPANY, TACO, INC, THE GOODYEAR TIRE AND
RUBBER COMPANY, TISHMAN LIQUIDATING CORP,
TREADWELL CORPORATION, TYCO INTERNATIONAL
(US) INC, U.S. RUBBER COMPANY (UNIROYAL), UNION
CARBIDE CORPORATION, UNITED CONVEYOR
CORPORATION, VELAN VALVE CORPORATION,
WARREN PUMPS, LLC,WEIL-MCLAIN, A DIVISION OF
THE MARLEY-WYLAIN COMPANY,    A WHOLLY OWNED
SUBSIDIARY OF THE MARLEY COMPANY,
LLC,WEYERHAEUSER COMPANY, ZY-TECH GLOBAL
INDUSTRIES, INC, CONSOLIDATED EDISON COMPANY
OF NEW YORK, INC.,MINNESOTA MINING &
MANUFACTURING COMPANY

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 008) 421, 422, 423, 424,
425, 426, 427, 428, 429, 430, 431, 432, 433, 434, 492, 493, 494, 495, 496, 497, 498, 499, 500, 501, 502,
503, 504, 505, 506, 507, 508, 509, 510, 511, 512, 513, 514, 515, 516, 517, 518, 519, 538, 539, 540, 560

were read on this motion to/for            SUMMARY JUDGMENT(AFTER JOINDER            .

**190322/2019  GONDER, JOHN H vs. A.O. SMITH WATER PRODUCTS CO**            **Page 2 of 6**
**Motion No.  008**

Upon the foregoing documents, it is ordered that the instant motion for summary judgment seeking dismissal of this action, pursuant to CPLR §3212, is denied for the reasons set forth below.

Here, defendant Jenkins Bros. ("Jenkins") moves for summary judgment to dismiss this action on the grounds that plaintiff-decedent, John Gonder ("Mr. Gonder") did not identify defendant Jenkins as a manufacturer of any asbestos-containing valves he was exposed to during the course of his work as a Con Ed inspector from the 1970s-1990s. Moving defendant's motion rests entirely upon challenging plaintiff's evidence implicating defendant Jenkins as a manufacturer in Mr. Gonder's asbestos exposure. Moving defendant further argues that plaintiff's expert reports are insufficient to establish causation. Plaintiff opposes on the basis of external depositions in which Jenkins valves have been identified at Con Ed powerhouses, including those that Mr. Gonder specifically worked at. *See* Affirmation in Opposition to Defendant Jenkins' Motion for Summary Judgment, p. 4-6. Plaintiff also argues that conflicting expert opinion should create issues of fact as to causation.

Defendant Jenkins replies, reiterating their argument that Mr. Gonder did not mention Jenkins and that the depositions should not be considered and do not include sufficient details connecting Mr. Gonder to Jenkins. Additionally, moving defendant reiterates that plaintiff's expert evidence is insufficient to establish causation.

The Court notes that summary judgment is a drastic remedy and should only be granted if the moving party has sufficiently established that it is warranted as a matter of law. *See Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 (1986). "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case". *Winegrad v New York*

190322/2019   GONDER, JOHN H vs. A.O. SMITH WATER PRODUCTS CO   Page 3 of 6
Motion No. 008

3 of 6

*University Medical Center*, 64 NY2d 851, 853 (1985). Despite the sufficiency of the opposing papers, the failure to make such a showing requires denial of the motion. *See id.* at 853.

Additionally, summary judgment motions should be denied if the opposing party presents admissible evidence establishing that there is a genuine issue of fact remaining. *See Zuckerman v City of New York*, 49 NY2d 557, 560 (1980). "In determining whether summary judgment is appropriate, the motion court should draw all reasonable inferences in favor of the nonmoving party and should not pass on issues of credibility." *Garcia v J.C. Duggan, Inc.*, 180 AD2d 579, 580 (1st Dep't 1992), citing *Dauman Displays, Inc. v Masturzo*, 168 AD2d 204 (1st Dep't 1990). The court's role is "issue-finding, rather than issue-determination". *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 (1957) (internal quotations omitted). As such, summary judgment is rarely granted in negligence actions unless there is no conflict at all in the evidence. *See Ugarriza v Schmieder*, 46 NY2d 471, 475-476 (1979). Furthermore, the Appellate Division, First Department has held that on a motion for summary judgment, it is moving defendant's burden "to unequivocally establish that its product could not have contributed to the causation of plaintiff's injury". *Reid v Georgia-Pacific Corp.*, 212 AD2d 462, 463 (1st Dep't 1995).

The appropriate standard at summary judgment for moving defendant Jenkins can be found in *Dyer v Amchem Products Inc.*, 207 AD3d 408, 409 (1st Dep't 2022). In *Dyer*, defendants were granted summary judgment not by "simply argu[ing] that plaintiff could not affirmatively prove causation" but by "affirmatively prov[ing], as a matter of law, that there was no causation." *Id.* The Appellate Division, First Department, recently affirmed this Court's decision in *Sason v Dykes Lumber Co., Inc., et. al.*, 2023 NYSlipOp 05796 (1st Dep't 2023), stating that "the parties' competing causation evidence constituted the classic 'battle of the experts'" sufficient to raise a question of fact, and to preclude summary judgment.

**190322/2019  GONDER, JOHN H vs. A.O. SMITH WATER PRODUCTS CO**
**Motion No.  008**

**Page 4 of 6**

4 of 6

[* 4]

Here, the Court notes that Mr. Gonder was deposed one year prior to his passing, in January 2020, at the age of eighty-five. *See* Affirmation in Opposition, *supra*, p. 1 (Mr. Gonder passed away in May 2021 from lung cancer at the age of eighty-six). Despite the extenuating circumstances, Mr. Gonder provided clear and unequivocal details regarding his work history from approximately forty-five years ago, including the locations of powerhouses he worked at, what his role was, and which specific categories of products he was exposed to. *Id.* at p. 2-4. The Appellate Division, First Department has affirmed denials of summary judgment in similar instances. In *Koulermos v A.O. Smith Water Prods.*, 137 AD3d 575, 576 (1st Dep't 2016), the court noted that defendant's "contention rested on evidence of plaintiff's inability to remember precisely when he worked at the facility" and stated that "pointing to gaps in an opponent's evidence is insufficient to demonstrate a movant's entitlement to summary judgment".

Moreover, the appellate court stated that the defendants affirmatively "failed to present evidence…[regarding] when their employees were present at the facility and whether or not those employees used asbestos-containing products". *Id.* Similarly, the First Department noted in *Krok v AERCTO International, Inc., et. al*, 146 AD3d 700, 700 (1st Dep't 2017) that "reliance on the decedent's inability to identify its product as a source of his exposure to asbestos is misplaced" and that "plaintiffs raised an issue of fact by submitting evidence that defendant's asbestos-containing pumps were present on the ship to which the decedent was assigned as a boiler tender fireman." *See also* Affirmation in Opposition, *supra*, p. 7-11. Plaintiffs have met the standard set forth by the Appellate Division to sufficiently raise a question of fact. The weight of the evidence is an issue for the trier of fact, but for purposes of summary judgment, the depositions raise issues of fact.

**190322/2019   GONDER, JOHN H vs. A.O. SMITH WATER PRODUCTS CO**
**Motion No.  008**

**Page 5 of 6**

5 of 6

[* 5]

Further, defendant Jenkins makes no attempt to meet their initial burden on a motion for summary judgment by proving that their products were not located at any of Mr. Gonder's worksites or that they did not contain asbestos. Thus, moving defendant has failed to "establish that its products could not have contributed to the causation of plaintiff's injury." *Reid v Georgia-Pacific Corp., supra.* Regarding causation, plaintiff has proffered a conflicting expert opinion regarding Mr. Gonder's exposure history sufficient to raise issues of fact regarding causation. *See* Affirmation in Opposition, *supra,* Exh. 2.

As conflicting evidence has been presented herein, and a reasonable juror could decide that Mr. Gonder was exposed to asbestos-containing valves manufactured by defendant Jenkins from his work at various Con Ed powerhouses, and that such exposure could have contributed to his fatal illness, sufficient issues of fact exist to preclude summary judgment.

Accordingly, it is

ORDERED that defendant Jenkins' motion for summary judgment is denied in its entirety; and it is further

ORDERED that within 30 days of entry plaintiff shall serve all parties with a copy of this Decision/Order with notice of entry.

This constitutes the Decision/Order of the Court.

| 02/14/2024 | | | | | ADAM SILVERA, J.S.C. | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | | |
| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

190322/2019   GONDER, JOHN H vs. A.O. SMITH WATER PRODUCTS CO
Motion No. 008

Page 6 of 6

[* 6]